IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MOTIVA PATENTS, LLC, | |
| Plaintiff, | |
| *v.* | CIVIL ACTION NO. 6:18-cv-00178-JRG-KJG |
| FACEBOOK TECHNOLOGIES, LLC F/K/A OCULUS VR, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANT'S MOTION TO DISMISS AND/OR TRANSFER FOR IMPROPER VENUE, OR ALTERNATIVELY, FOR TRANSFER UNDER 28 U.S.C. § 1404(A)

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................ 1

III.    FACTUAL BACKGROUND ....................................................................................... 2

        A.      Defendant's Business Structure ..................................................................... 2

        B.      Location of Facebook's Witnesses and Evidence ........................................... 2

        C.      In-Store Oculus Demonstrations at Independent Retailer Best Buy ...................... 3

        D.      Plaintiff's Connections to This District Are Tangential ................................. 3

IV.     LEGAL STANDARDS ............................................................................................... 4

        A.      Improper Venue ............................................................................................ 4

        B.      Transfer Under § 1404 .................................................................................. 5

V.      ARGUMENT ............................................................................................................. 5

        A.      Venue Is Improper in This District Under 28 U.S.C ..................................... 5

                1.      Facebook Tech Is Not Incorporated in This District ................................. 6

                2.      Facebook Tech Does Not Have a Regular and Established Place of
                        Business in This District ....................................................................... 6

        B.      Alternatively, This Case Should be Transferred to Northern California
                Under 28 U.S.C ............................................................................................ 8

                1.      This Case Could Have Been Brought in Northern California ................... 8

                2.      The Private Interest Factors Favor Transfer Because Relevant
                        Witnesses and Evidence Are in Northern California ................................ 8

                        a.      The Vast Majority of Evidence is Located in Northern
                                California and There Are No Sources of Proof in Texas ............... 8

                        b.      There Are No Anticipated Non-Party Witnesses in Texas ............ 9

                        c.      It Will Be Significantly More Cost-Effective To Attend
                                Court Proceedings in Northern California .................................. 10

                        d.      There Are No Other Practical Problems ..................................... 12

                3.      The Public Interest Factors Also Favor Transfer ..................................... 13

                        a.      There Is No Significant Local Interest in the Eastern
                                District of Texas with Respect to the Outcome of This
                                Case, While Northern California's Local Interest Favors
                                Transfer ..................................................................................... 13

                        b.      Court Congestion Factor Is Neutral ........................................... 14

                        c.      The Remaining Factors Are Neutral ........................................... 14

VI.     CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010)................................................................9

*Acqis LLC v. EMC Corp.*,
  67 F. Supp. 3d 769 (E.D. Tex. 2014).......................................................11

*Affinity Labs of Tex. v. Samsung Elecs. Co.*,
  968 F. Supp. 2d 852 (E.D. Tex. 2013)......................................................13

*AGIS Software Dev., LLC v. ZTE Corp.*,
  No. 2:17-cv-00517-JRG, 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) ............5, 8

*Blitzsafe Tex., LLC v. Bayerische Motoren Werke AG*,
  No. 2:17-cv-00418-JRG, 2018 WL 4849345 (E.D. Tex. Sept. 6, 2018) ..................7

*CAO Lighting, Inc. v. Light Efficient Design*,
  No. 4:16-CV-00482-DCN, 2017 WL 4556717 (D. Idaho Oct. 11, 2017)................7

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017).........................................................4, 6, 7

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
  No. 6:13-cv-919-JDL, 2014 WL 6847569 (E.D. Tex. Nov. 7, 2014)....................12

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-cv-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ............6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..........................................................8, 10

*In re Google Inc.*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .................................12

*In re Hoffman–La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)................................................................10

*In re Horseshoe Entm't*,
  337 F.3d 429 (5th Cir. 2003) ...................................................................12

*Intellectual Ventures II LLC v. FedEx Corp.*,
  No. 2:16-cv-00980-JRG, 2017 WL 5630023 (E.D. Tex. Nov. 22, 2017) ................7

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011)................................................................13

*Motiva, LLC v. Nintendo Co.*,
    No. 6:08-cv-00429-LED (E.D. Tex. 2008)............................................................13

*Motiva Patents, LLC v. HTC Corporation*
    (Case No. 9:18-cv-00179-JRG-KFG) ...................................................................12

*Motiva Patents, LLC v. Sony Corporation et al.*
    (Case No. 9:18-cv-00180-JRG-KFG) ...................................................................12

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)......................................................................1, 4, 8, 13

*Oyster Optics, LLC v. Coriant Am. Inc.*,
    No. 2:16-cv-1302, 2017 WL 4225202 (E.D. Tex. Sept. 22, 2017)........................12

*Percept Techs. v. Fove, Inc.*,
    No. 2:15-cv-02387-RFB-CWH, 2017 WL 3427971 (D. Nev. Aug. 8, 2017) .........7

*Pers. Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017) ...................................................................5

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) ..................................................................................5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)........................................................................................4, 6

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)....................................................................5, 11, 14

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)................................................................................................5

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ...............................................................................5, 8

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) ...............................................................5, 9

*W. Coast Trends, Inc. v. Ogio Int'l, Inc.*,
    No. 6:10-cv-688, 2011 WL 5117850 (E.D. Tex. Oct. 27, 2011)...........................13

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010).............................................................................13

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)...............................................................................4

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................ *passim*

28 U.S.C. § 1404 ................................................................................................ *passim*

28 U.S.C. § 1406 ..................................................................................................... 1, 5, 6

**Other Authorities**

Fed. R. Civ. P. 45(c) ...................................................................................................... 9

Fed. R. Civ. P. 12(b)(3) ............................................................................................... 4, 5

## I.      INTRODUCTION

Venue is improper in this district because Facebook Tech is a Delaware company with its principal place of business in Menlo Park, California and no "regular and established place of business" in the Eastern District of Texas.  Facebook Tech has no offices and no employees in this district.  Indeed, its only connection to the district is the same as to any other district: that its products are displayed and sold online and through third-party retailers nationwide, including some in the district.  But this fact alone is insufficient to establish proper venue.

Should the Court choose not to dismiss the case, it should transfer it to the Northern District of California ("Northern California") under either § 1404(a) or 1406(a).  This action could have been brought in Northern California, which is a significantly more convenient forum.  In fact, this case is indistinguishable from *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009), another case brought by Motiva LLC in which the Federal Circuit ordered transfer out of this district under § 1404(a).  For the following reasons, Facebook Tech respectfully requests that the Court dismiss the case for improper venue or alternatively transfer it to Northern California.

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

This motion presents the following issues:

(1) Whether the Court should dismiss this case for improper venue because Facebook Tech does not reside in this district and does not have a regular and established place of business here, as required to support venue under 28 U.S.C. § 1400(b).

(2) Alternatively, whether the Court should transfer this case to the Northern District of California under 28 U.S.C. §§ 1404(a) or 1406(a), a district where venue is proper and that is much more convenient for the parties and the witnesses.

### III.    FACTUAL BACKGROUND

Motiva filed the present patent infringement action in October 2018, asserting U.S. Patent Nos. 7,292,151, 7,952,483, 8,159,354, 8,427,325, and 9,427,659 (collectively "Asserted Patents") against certain aspects of Oculus Rift and Oculus Touch products.  (Compl., ECF No.1, ¶¶ 8-75.)  No discovery has taken place.

### A.    Defendant's Business Structure

The accused Oculus-branded products were originally designed and developed by Oculus VR, which was founded in Irvine, California in 2012 and acquired by Facebook, Inc. in 2014. (Declaration of Michael Duffey in Support of Facebook Tech's Motion to Dismiss and/or Transfer for Improper Venue, or Alternatively, for Transfer Under 28 U.S.C. § 1404(A) ("Duffey Decl.") ¶ 2.)  Shortly after the acquisition, Oculus VR moved its headquarters from Irvine to Menlo Park, California.  Oculus VR now operates under the name Facebook Tech—the Defendant in this case and a subsidiary of Facebook.  (*Id*.)  Both Facebook and Facebook Tech are Delaware entities with their headquarters and principal places of business in Menlo Park in Northern California.  (*Id*.)

### B.    Location of Facebook's Witnesses and Evidence

Facebook Tech has no offices and no employees in the Eastern District of Texas. (Duffey Decl. ¶ 3.)  Facebook Tech has no relevant documents that are located in this district (*id.*, ¶¶ 4, 5.), and no development of Oculus Rift and Touch occurs in this district.  (*Id.*, ¶ 5.)

████████████████████████████████████████████████████████

████████████████████████████. (Duffey Decl. ¶ 4.)  ████████████████████

████████████████████████████████████████████████████████

████████████████████████. (*Id*.)  ████████████████████████████████

████████████████████████████████████████████ (*Id.*, ¶ 3.)



(*Id.*, ¶ 7.) ████████████████████████████████████

████████████████████████████████████ (*Id.*, ¶ 4.)   The same is true for U.S.

employees who work on product marketing related to Oculus Rift and Touch.  (*Id.*, ¶ 8.)

### C.   In-Store Oculus Demonstrations at Independent Retailer Best Buy

Motiva alleges that Facebook Tech has a "regular and established business" in this district simply by virtue of "the in-person demonstrations given by Oculus sales representatives at Best Buy stores located in this district," including the Best Buy at 2800 Central Expressway, Plano, TX 75704  (ECF No. 1, ¶ 6.)  No other contact is alleged.

But the in-person demonstrations cannot establish proper venue in this district because they do not qualify as either a "regular" or "established" place of business.  ████████

████████████████████████████ (Duffey Decl.  ¶  10.)

████████████████████████████ (*Id.*)

████████████████████ (*Id.*, ¶ 9.)

### D.   Plaintiff's Connections to This District Are Tangential

Plaintiff has no meaningful connection to this district.  In May 2018, Motiva Patents LLC—the Plaintiff in this case—incorporated in Tyler, Texas with a residential address as its main place of business.  (Declaration of Azadeh Morrison in Support of Facebook Tech's Motion to Dismiss and/or Transfer for Improper Venue, or Alternatively, for Transfer Under 28 U.S.C. § 1404(A) ("Morrison Decl.") ¶¶ 13-14, Exs. L-M.)  Motiva LLC of Ohio assigned the Asserted Patents to the Plaintiff less than a month before the current suit was filed.  (Morrison

Decl. ¶ 10, Ex. I.)  The Standley Law Group LLP that prosecuted the Asserted Patents is located in Dublin, Ohio.  (Morrison Decl. ¶¶ 2-6, 9, Exs. A-E, H.)  And the inventors appear to live in Ohio and New York.  (Morrison Decl. ¶¶ 7-8, Exs. F-G.)

Notably, when Motiva LLC sued Nintendo in this district—prior to the Supreme Court's *TC Heartland* decision—the Federal Circuit concluded that Motiva LLC did not have "any relevant documentation or any other evidence in the Eastern District of Texas" and ordered the case transferred to Western District of Washington, the location of Nintendo's principal place of business, under § 1404(a).  *In re Nintendo*, 589 F.3d at 1199.

## IV.   LEGAL STANDARDS

### A.   Improper Venue

Under Federal Rule of Civil Procedure 12(b)(3), a case must be dismissed if it is not filed in a proper venue.  In a patent case, upon motion by the defendant challenging venue, the plaintiff bears the burden of establishing proper venue.  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  A patent infringement action may be filed where the defendant either "resides" or "has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  In *TC Heartland*, the Supreme Court held that in patent infringement cases, a domestic corporation "resides" only in its state of incorporation for venue purposes.  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).  As for the second prong of the venue statute, the Federal Circuit has set three general requirements relevant to the regular and established place of business inquiry: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  All three of these requirements must be present.  *Id.* at 1362.

If venue is not proper, the court may dismiss the case or, in the interest of justice, transfer it to a district in which it could have been brought. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). "Transfer is typically considered more in the interest of justice than dismissal." *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017); *see also AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-cv-00517-JRG, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) (ordering transfer to the Northern District of California).

### B.      Transfer Under § 1404

A district court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a).  Transfer is appropriate under Section 1404(a) to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). In the Fifth Circuit, a motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

The first inquiry when analyzing a motion to transfer is whether the case could have been brought in the transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If that threshold is met, the courts analyze private and public factors related to the convenience of the parties and witnesses and to the interests of particular venues. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (listing public and private factors).

## V.      ARGUMENT

### A.      Venue Is Improper in This District Under 28 U.S.C. § 1400(b)

This case should be dismissed for improper venue because Facebook Tech neither "resides" in this district, nor "has a regular and established place of business" in this district.  28

U.S.C. § 1400(b).  Alternatively, the case should be transferred to Northern California pursuant to 28 U.S.C. § 1406, where Facebook Tech is headquartered and venue is undisputedly proper.

### 1. Facebook Tech Is Not Incorporated in This District

There is no dispute that Facebook Tech is incorporated in Delaware.  As such, it does not "reside" in the Eastern District of Texas.  *See TC Heartland LLC*, 137 S. Ct. at 1521.

### 2. Facebook Tech Does Not Have a Regular and Established Place of Business in This District

Facebook Tech has no offices or employees in the Eastern District of Texas.  (Duffey Decl. ¶ 5.)  Facebook Tech, therefore, has no place of business in this district, let alone the "regular and established" place of business required by 28 U.S.C. § 1400(b).

To support its venue allegations, the Complaint points to demonstrations of the accused products in a Best Buy retail store located in this district.  (*See* Compl. ¶ 6.)  But the fact that Facebook Tech's products are demoed and sold through a large consumer electronics retailer— where thousands of other products are similarly displayed and sold—is insufficient.  If it were, Facebook Tech—and any company—could be sued in any district in which its products are sold. That is not the law.  Indeed, the Federal Circuit has explained that the regular and established place of business must be "of the defendant."  *In re Cray Inc.*, 871 F.3d at 1363.  The Best Buy store in Plano is a place of business *for Best Buy*, not Facebook Tech.  ████████████ ███████████████████████████████████, nor has it "established" or "ratified" Best Buy retail stores as its own.  *See id.*

Not surprisingly, prior cases interpreting § 1400(b) have consistently held that demonstrating products in the district, or even direct sales of accused products into the district, are insufficient to establish venue.  *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-cv-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (finding improper venue in

Eastern District of Texas where the defendant's website directed potential customers in this district to in-district independent distributors); *CAO Lighting, Inc. v. Light Efficient Design*, No. 4:16-CV-00482-DCN, 2017 WL 4556717, at *2 (D. Idaho Oct. 11, 2017) (finding no regular and established place of business where the defendant's sales representatives, who marketed, sold, and provided technical support, routinely visited distributors in the district and promoted defendant's products at trade shows in the district); *Percept Techs. v. Fove, Inc.*, No. 2:15-cv-02387-RFB-CWH, 2017 WL 3427971, at *1 (D. Nev. Aug. 8, 2017) (finding improper venue where the defendant "imported a prototype of its product into Nevada, and used it in a demonstration at the Consumer Electronics Trade Show (CES)").

As noted, ███████████████████████████████████████████ ███████████████████████████████████ *See In re Cray Inc.*, 871 F.3d at 1363 ("Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place."). The relationship between Facebook Tech and Best Buy is no "more intimate and controlling than a traditional arms-length contractual relationship" which this Court has deemed insufficient to establish venue. *Id.* at *3.

Moreover, this is not a case in which Best Buy is "held out to the consuming public as places of [Facebook Tech]." *See Blitzsafe Tex., LLC v. Bayerische Motoren Werke AG*, No. 2:17-cv-00418-JRG, 2018 WL 4849345, at *7-8 (E.D. Tex. Sept. 6, 2018); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 5630023, at *7 (E.D. Tex. Nov. 22, 2017). Oculus products are displayed on shelves, as are many other consumer electronic products (e.g. laptops, cameras, televisions, and the like). ███████████████████ ████████████████████████████████████████████████████████████ (Duffey

Decl. ¶ 10.)[1]  Given these facts, no reasonable consumer would confuse a Best Buy store for an Oculus or Facebook Tech place of business.  For all these reasons, Plaintiff has failed to demonstrate that Facebook Tech has a "regular and established" place of business in this district.

**B.      Alternatively, This Case Should be Transferred to Northern California Under 28 U.S.C. § 1404**

**1.      This Case Could Have Been Brought in Northern California**

The threshold question in the transfer analysis is whether the suit could have been brought in the proposed transferee district.  *Volkswagen I*, 371 F.3d at 203.  Here, there is no dispute that Motiva could have brought this case in Northern California, where Facebook Tech is headquartered.  *See* 28 U.S.C. § 1400(b).

**2.      The Private Interest Factors Favor Transfer Because Relevant Witnesses and Evidence Are in Northern California**

The proposed transferee forum is "clearly more convenient" when, as here, the witnesses and evidence are concentrated in one district: Northern California.  *See, e.g.*, *In re Nintendo*, 589 F.3d at 1198 (transferring to Washington since most witnesses and evidence were closer to the transferee venue).  Moreover, "the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer . . . ."  *Id.* at 1200.

**a.      The Vast Majority of Evidence is Located in Northern California and There Are No Sources of Proof in Texas**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009);

---

[1] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  *See AGIS Software*, 2018 WL 4854023, at *2-3 (finding improper venue where the defendant, a telecommunication company, had a dedicated call center in Eastern District of Texas, operated by a third party).

*see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).  Here, the vast majority of the potentially relevant evidence and witnesses will come from Northern California.  ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████  (Duffey Decl. ¶ 4.)  ████████████████████████████████████████████

████████████████████████  (*Id.*, ¶ 7.)  ████████████████████████

████████████████████████████████████████████████  (*Id.*, ¶ 4.)

Facebook Tech has no witnesses, no documents, and therefore no relevant information located in this district.

Further, the inventors are in Ohio and New York.  (Morrison Decl. ¶¶ 7-8, Exs. F-G.) The original assignee and the prosecuting firm of the Asserted Patents are also in Ohio. (Morrison Decl. ¶¶ 2-6, 9, 11-12, Exs. A-E, H, J-K.)  Plaintiff is a newly-incorporated entity with no apparent ties to the inventors or the Asserted Patents until less than a month before it filed this suit.  It is highly unlikely that Plaintiff, in its short life and its even shorter ownership of the Asserted Patents, has accumulated any significant evidence related to this case in this district.

In sum, Facebook Tech has no relevant documents or people that are located in this district.  Given the lack of relevant and material sources of proof in this district and the likely sources of documents and witnesses in Northern California, this factor favors transfer to Northern California.  *See In re Acer*, 626 F.3d at 1256, as amended (Jan. 13, 2011) (granting transfer where "no party identified any likely source of proof in the Eastern District of Texas").

### b.      There Are No Anticipated Non-Party Witnesses in Texas

A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not.  *Volkswagen II*, 545 F.3d at 316.  Rule 45 protects nonparty witnesses who work or reside more than 100 miles from the courthouse.  Fed. R. Civ. P. 45(c).  "Absolute

subpoena power" is subpoena power for both depositions and trial.  *In re Hoffman–La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

All foreseeable third-party witnesses work and reside more than 100 miles from Lufkin. California is home to universities and technology companies with scientists and other inventors who work in the areas of video game systems and virtual reality.  Some of these entities and individuals created relevant prior art to the patents-in-suit.  For example, U.S. Patent No. 8,992,322 (the '322 Prior Art) is a prior art patent that discloses many of the features claimed in the Asserted Patents.  Both the inventor—Shoichi Endo who lives and works in San Francisco— and the original assignee—Immersion Corporation in San Jose, CA—of the '322 Prior Art are located in Northern California.  (Morrison Decl. ¶¶ 15-16, Exs. N-O.)  Similarly, the inventors of other prior art references, such as U.S. Patent Nos. 6,182,169 and 6,811,491, are also located in Northern California.  (Morrison Decl. ¶¶ 17-18, Exs. P-Q.)

The inventors live in New York and Ohio.  (Morrison Decl. ¶¶ 7-8, Exs. F-G.)  For these witnesses, this factor is neutral.  The original assignee (Motiva LLC) of the Asserted Patents and the prosecuting firm (Standley Law Group LLP) are also in Ohio.  (Morrison Decl. ¶¶ 2-6, 9, 11-12, Exs. A-E, H, J-K.)  Thus, the availability of non-party witnesses favors transfer.

### c.    It Will Be Significantly More Cost-Effective To Attend Court Proceedings in Northern California

The convenience of the witnesses is "probably the single most important factor in transfer analysis."  *Genentech*, 566 F.3d at 1343 (citation omitted).  "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established [ ] a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100

miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *TS Tech*, 551 F.3d at 1320 (citations omitted).

As set forth above, the vast majority of the known likely party witnesses—including Mr. Marten and any other likely Facebook Tech witnesses—are located in or near Northern California, some 2,000 miles and 7-8 hours of travel away from the Eastern District of Texas. (Morrison Decl. ¶¶ 19-21, Exs. R-T.)[2]  This weighs heavily in favor of transfer.  Venue in Northern California would require no flights for the witnesses in that district.  Northern California is also a short two-hour direct flight away for any witnesses from Redmond, Washington.  (Morrison Decl. ¶ 22, Ex. U.)  Transfer to Northern California would therefore be more convenient for Facebook Tech witnesses.

Furthermore, due to the approximately 100-mile drive from the closest airports to Lufkin, the witnesses from Ohio and New York would spend approximately the same time traveling to Lufkin as they would to Northern California (4.5 and 3 hour flights to Houston followed by a 2-hour drive to Lufkin compared to 6.5-hr flights to San Francisco).  (Morrison Decl. ¶¶ 21, 23-26, Exs. T, V-Y.)  By contrast, there are three courthouses in Northern District of California: San Francisco, Oakland, and San Jose, each with a major airport and multiple flights to and from New York and Ohio.  (Morrison Decl. ¶¶ 25-30, Exs. X-CC.)  The out-of-district witnesses could conveniently fly to an airport near the courthouse and avoid a lengthy drive.  The cost of travel, thus, favors transfer.

---

[2] There are no direct flights to Lufkin for any of the witnesses. *See Acqis LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 776 (E.D. Tex. 2014) (holding "the existence or non-existence of direct flights can impact the analysis of travel time.") (citations omitted).

### d.      There Are No Other Practical Problems

"Practical problems include those that are rationally based on judicial economy."  *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 6:13-cv-919-JDL, 2014 WL 6847569, at *4 (E.D. Tex. Nov. 7, 2014) (citation omitted).  Or, in "rare and special circumstances," delay or prejudice may be relevant.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  This case is in its earliest stages, discovery has not begun, and there is no other risk of material delay or prejudice.

Although courts may consider co-pending cases in their transfer analysis, the mere co-pendency of related suits in a particular district cannot "dominate" the transfer analysis when other important factors such as defendant's "strong presence in the transferee district" are present.  *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (holding that "the district court erred by resting on . . . two co-pending cases as the predominate reason for tipping the balance in [non-movant's] favor" when the movant had "a strong presence in the transferee district").  The two co-pending cases in this district[3] are in even earlier stages with those defendants' answers to the corresponding complaints not due until December 17, 2018.  *See Oyster Optics, LLC v. Coriant Am. Inc.*, No. 2:16-cv-1302, 2017 WL 4225202, at *7 (E.D. Tex. Sept. 22, 2017) (granting the defendant's motion to transfer under § 1404 despite five co-pending cases in the Eastern District of Texas).  Due to lack of any material delay or prejudice, this factor is neutral.

---

[3] *Motiva Patents, LLC v. HTC Corporation* (Case No. 9:18-cv-00179-JRG-KFG) and *Motiva Patents, LLC v. Sony Corporation et al.* (Case No. 9:18-cv-00180-JRG-KFG).

### 3.     The Public Interest Factors Also Favor Transfer

#### a.     There Is No Significant Local Interest in the Eastern District of Texas with Respect to the Outcome of This Case, While Northern California's Local Interest Favors Transfer

This factor favors transfer because the Eastern District of Texas has no significant local interest in the allegations in the Complaint.  *See W. Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *5 (E.D. Tex. Oct. 27, 2011) ("[I]t is well settled that the sale of accused products nationwide does not implicate the interests of the Eastern District of Texas any more than the local interests of any other district."); *see also In re Nintendo*, 589 F.3d at 1198.  Oculus products are sold throughout the United States and demonstrated at many Best Buy stores across the country.  This district has no more interest in this dispute than any other district in which Oculus products are sold.

Further, the Federal Circuit has confirmed that litigating the Asserted Patents[4] against an out-of-district defendant is inconvenient in this forum.  *In re Nintendo*, 589 F.3d at 1196.  It appears that in an attempt to overcome this unambiguous precedent, Motiva incorporated a new entity in this district—using a residential address—to which the Asserted Patents were transferred less than a month before this suit was filed.  (Morrison Decl. ¶¶ 10, 13-14, Exs. I, L-M.)  Such tactics fail to create a meaningful local interest.  *See In re Microsoft Corp.*, 630 F.3d 1361, 1364–65 (Fed. Cir. 2011); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).

Northern California, on the other hand, has a strong interest in adjudicating this dispute. *See, e.g.*, *Affinity Labs of Tex. v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013)

---

[4] The parent Asserted Patent (the '151 Patent) was at issue in the case against Nintendo.  The remaining Asserted Patents, all of which claim priority from the '151 Patent were issued after the Nintendo litigation was transferred to Western District of Washington.  *See Motiva, LLC v. Nintendo Co.*, No. 6:08-cv-00429-LED (E.D. Tex. 2008).

("The Northern District of California has an interest in protecting intellectual property rights that stem from research and development in Silicon Valley.").   Northern California is home to Facebook Tech's headquarters ███████████████████████████████████ ████████████████████   (Duffey Decl. ¶ 3.) ███████████████████████████████ ████████████████████████████████████████████████████████   (*Id.*, ¶¶ 4-5.)  This factor weighs strongly in favor of transfer.

### b.      Court Congestion Factor Is Neutral

There are 26 judges (and magistrate judges) in Northern California, compared with 15 judges (not including bankruptcy judges) sitting in the Eastern District of Texas.   Similar numbers of cases are pending before each judge at both districts.[5]  Thus, this factor is neutral.

### c.      The Remaining Factors Are Neutral

The remaining public interest factors are neutral.   Both courts are familiar with the substance and application of the federal patent law governing this case, and there are no conflicts of law to avoid.  *See In re TS Tech*, 551 F.3d at 1320.

## VI.    CONCLUSION

Based on the foregoing, Facebook Tech respectfully requests that the Court dismiss Motiva's complaint for improper venue or, alternatively, transfer this case to the Northern District of California.

---

[5]      http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf. (accessed October 29, 2018).

Dated:  November 29, 2018

Heidi L. Keefe (CA Bar 178960)
Mark R. Weinstein (CA Bar 193043)
Philip H. Mao (CA Bar 300711)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000
hkeefe@cooley.com
mweinstein@cooley.com
pmao@cooley.com

Eamonn Gardner (CA Bar 310834)
COOLEY LLP
4410 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000
egardner@cooley.com

*Attorneys for Defendant Facebook
Technologies, LLC F/K/A Oculus VR, LLC*

Respectfully submitted,

By: */s/ Heidi L. Keefe* _____

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 705-1117
ddacus@dacusfirm.com

*Attorneys for Defendant Facebook Technologies, LLC
F/K/A Oculus VR, LLC*

## CERTIFICATE OF CONFERENCE

This is to certify that I, Eamonn Gardner, counsel for Defendant Facebook Technologies
LLC, met and conferred by telephone with Matthew Antonelli, counsel for Plaintiff Motiva
Patents LLC, on the 26th day of November, 2018 in compliance with LR cv-7(h).  Counsel for
Plaintiff indicated that the Motion is opposed.

*/s/ Eamonn Gardner* _____
Eamonn Gardner

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2018, the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Heidi L. Keefe*
Heidi L. Keefe

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

Pursuant to Local Rule CV-5(a)(7)(A), I hereby certify that a Motion for Leave to Seal the foregoing document and accompanying declarations has been filed (Dkt. 15).


*/s/ Heidi L. Keefe*
Heidi L. Keefe